UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LEOTHER DUPAS (#540375)                                CIVIL ACTION

VERSUS

NATHAN CAIN, WARDEN                                    NO. 15-0455-JWD-EWD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 15, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LEOTHER DUPAS (#540375)                                    CIVIL ACTION

VERSUS

NATHAN CAIN, WARDEN                                        NO. 15-0455-JWD-EWD

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the application of Petitioner Leother Dupas for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons that follow, Petitioner's application should be denied. There is no need for oral argument or for an evidentiary hearing.

### I. Procedural History

On January 15, 2008, Petitioner was charged by Bill of Information in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, with one count of attempted second degree murder. The Bill of Information was later amended, on June 11, 2008, to reflect a charge of aggravated second degree battery. After a trial by jury conducted in July 2008, the jury found Petitioner guilty of the charged offense. The trial judge thereafter sentenced Petitioner, on October 24, 2008, to fifteen (15) years in confinement, with the conviction to be designated as a "crime of violence" under Louisiana law.

Petitioner pursued a direct appeal, arguing (1) that the trial court erred in denying a defense objection to a juror, Patricia Chambers, (2) that the sentence imposed in connection with the referenced conviction was constitutionally excessive, and (3) that the failure of his trial counsel to file a motion to reconsider the sentence should not bar consideration of the purported unconstitutionality thereof but if it does, than the failure to file such a motion constituted

ineffective assistance of counsel.  On September 11, 2009 the Louisiana Court of Appeal for the First Circuit affirmed Petitioner's conviction and sentence.  *State v. Dupas*, 17 So.3d 518, 2009 WL 3161980 (La. App. 1 Cir. Sept. 11, 2009).  Petitioner apparently failed to seek further review before the Louisiana Supreme Court.  As a result, Petitioner's sentence became final on October 12, 2009,[1] upon the expiration of the 30-day period allowed for him to do so.[2]

Almost two years later, on or about September 7, 2011,[3] Petitioner filed a counseled application for post-conviction relief ("PCR") in the state trial court, which application was timely under state law because Louisiana allows a two-year period within which to do so.  Petitioner asserted therein (1) that he was provided with ineffective assistance of counsel when his newly appointed trial attorney failed to meet with Petitioner, to properly prepare for trial and to file a motion for continuance, and (2) that the trial court and the State made reference to inappropriate sentencing concerns before the jury.  On July 25, 2012, the State Court Commissioner issued a Report recommending that Petitioner's claims be denied.  On May 1, 2013, the trial court allegedly adopted the Commissioner's Recommendation and dismissed Petitioner's PCR application.[4]  Petitioner's subsequent applications for supervisory review before the Louisiana

---

[1]    The thirtieth day (October 11, 2009) fell on a Sunday, so Petitioner would have been entitled to file on Monday, October 12, 2009.

[2]    The State erroneously contends that Petitioner's conviction and sentence became final for federal purposes on September 25, 2009, fourteen days after the issuance of the decision of the intermediate appellate court.  *See* R. Doc. 9 at p. 2.  Notwithstanding, whereas state law provides that a judgment becomes final fourteen days after it is affirmed by an intermediate appellate court if the judgment is not pursued further, *see* La. Code Crim. P. art. 922(B), federal law provides for finality after thirty days inasmuch as state law allows a thirty-day period for a petitioner to proceed to the next level of appellate review.  *See* discussion, *infra*.

[3]    Petitioner's application for post-conviction relief was last signed, dated and notarized by Petitioner or his counsel on or about August 31, 2011.  This Court is unable to confirm from the record that the application was subsequently filed and docketed in the state trial court on September 7, 2011, but this fact appears to be uncontested and, moreover, is not critical to the Court's resolution of this matter.

[4]    The state court record does not include a copy of the Judgment of the state trial court

appellate courts were thereafter denied, with the First Circuit Court of Appeal denying review on January 16, 2014 and with the Louisiana Supreme Court denying review on January 16, 2015. *See State v. Dupas*, 157 So.3d 1120 (La. 2015).

Finally, Petitioner submitted his federal habeas corpus application for filing herein on or about June 19, 2015, which application was apparently signed and dated by him on June 15, 2015. Petitioner asserts the following grounds for relief:

Ground One:   The trial court erred in denying a defense objection to a juror, Patricia Chambers; and

Ground Two:   The sentence imposed was constitutionally excessive, and the failure of trial counsel to file a motion to reconsider the sentence constituted ineffective assistance of counsel.

Based on the foregoing procedural recitation, the Court finds that Petitioner's application before this Court is untimely and should be dismissed for this reason.

## II. Factual Summary

The facts, as summarized in the opinion of the Louisiana Court of Appeal for the First Circuit, are as follows:

> Kiera Moore lived in an apartment off of O'Neal Lane in Baton Rouge. She was in a relationship with the defendant, who stayed with her at the apartment about three days a week. On December 1, 2007, Kiera was preparing to go to a gospel concert with a friend. She had an iron plugged in to iron her pants. She took a shower and entered her bedroom, where the defendant was sitting on her bed. She told the defendant he needed to step out of her bedroom. The defendant refused, then rushed at Kiera and pushed her into the dresser. He grabbed the hot iron and pressed it to her face, arm, and back. Kiera tried to escape out of the front door, but the defendant grabbed her and dragged her down the hallway. Kiera picked up a lamp and hit the defendant with it. The defendant continued to drag her to the kitchen, where he

---

denying Petitioner's PCR application. Petitioner concedes the correctness of the stated date, however, and again, the absence of this documentation is not critical to the Court's resolution of this matter.

grabbed a knife out of a drawer and tried to cut her neck. Unable to cut her neck, the defendant grabbed a Juicy Juice can and hit her on the head with it. Kiera ran toward the door and unlocked it. Before she could get out, the defendant hit her in the back of the head with a dining room chair. Kiera fled her apartment in the nude and was soon given assistance by neighbors. The defendant got in his truck and left. Kiera testified at trial that she did nothing to provoke the attack.

The defendant testified at trial that the night before the attack, he and Kiera got into a big argument. In the middle of the night, Kiera physically attacked him because he was seeing other people and talking on the phone to other people. He also testified that he did not intentionally burn her.

Kiera was taken to a burn unit in Baton Rouge. She was then released to a burn unit in Tennessee, where her mother lived. While there, she underwent treatment for her burns for two to three months. She also received injuries to her right hand, which required stitches. At trial, she testified that because of the burn injuries to her face, she still could not completely close her left eye. She also must wear a pressure mask twenty-three hours a day because of keloids that formed on her face.

*See State v. Dupas, supra*, 2009 WL 3161980 at *1.

Based upon the foregoing, the jury returned a verdict finding Petitioner guilty of the charged offense.

### III. The Procedural Defense Of Untimeliness Raised By The State

As stated above, the State contends that Petitioner's application before this Court is untimely. In this regard, whereas the State of Louisiana allows convicted criminals a two-year period of time to pursue post-conviction relief in the state courts, federal law, pursuant to 28 U.S.C. § 2244(d), provides a one-year statute of limitations applicable to federal habeas corpus claims brought by prisoners in state custody. This limitations period begins to run on the date that the judgment becomes final through the conclusion of direct review or through the expiration of time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). As provided by the referenced statute, the

time during which a subsequent properly-filed application for state post-conviction or other collateral review is thereafter pending before the state courts with respect to the pertinent judgment or claim shall not be counted toward any part of the one-year limitations period. 28 U.S.C. § 2244(d)(2). However, the time during which there are not any properly-filed post-conviction or other collateral review proceedings pending does count toward calculation of the one-year period. *Flanagan v. Johnson,* 154 F.3d 196, 199 n. 1 (5th Cir. 1998). *See also Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998). To be considered "properly filed" for purposes of § 2244(d)(2), an application's delivery and acceptance must be in compliance with the applicable laws and procedural rules governing filings. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005), *citing Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Further, a state application is seen to be "pending" both while it is before a state court for review and also during the interval of time after a state court's disposition while the petitioner is procedurally authorized under state law to proceed to the next level of state consideration. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

In the instant case, Petitioner's conviction became final on October 12, 2009, thirty days after his conviction and sentence were affirmed by the Louisiana First Circuit Court of Appeal on September 11, 2009 and upon his failure to file a writ of certiorari in the Louisiana Supreme Court. Petitioner did not thereafter interrupt the running of the limitations period during the ensuing one-year period because he did not file or have pending any post-conviction or other collateral review proceedings in state court during that interval. Although he did file, on or about September 7, 2011, an application for post-conviction relief in the state trial court and although that filing was timely under state law, neither that filing nor any subsequent proceedings conducted thereon operated to toll the running of the federal limitations period because the period had expired without interruption in October 2010, one year after the finality of his conviction. As a result, when

Petitioner filed his federal habeas corpus application before this Court in June 2015, the limitations period had long since expired. Accordingly, Petitioner's application before this Court is untimely and should be dismissed for this reason.

Having found Petitioner's application to be untimely, this Court must dismiss same pursuant to 28 U.S.C. § 2244(d) unless Petitioner can establish either that he is entitled to statutory tolling of the limitations period under § 2244(d)(1)(B) – because there was a state-created impediment to timely filing – or that he is entitled to equitable tolling.

To establish entitlement to statutory tolling under 28 U.S.C. § 2244(d)(1)(B), Petitioner must show that some state action, in violation of the Constitution or federal law, prevented him from filing a timely petition. *See Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). Petitioner has made no such showing in this case. Accordingly, there is no legal or factual basis in the record for a finding that Petitioner is entitled to statutory tolling under this section.

Nor is there any basis in the record for equitable tolling in this case. In this regard, the one-year federal limitations period is subject to equitable tolling only "in rare and exceptional circumstances," *see United States v. Patterson*, 211 F.3d 927, 928 (5th Cir. 2000), and the burden is on Petitioner to establish that equitable tolling is warranted. *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009). The doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance has stood in his way. *Pace v. DeGuglielmo, supra*, 544 U.S. at 418. Ignorance of the law, lack of knowledge of

filing deadlines, or a temporary denial of access to research materials or an adequate law library, are not generally sufficient to warrant equitable tolling. *Tate v. Parker*, 439 Fed. Appx. 375, 376 (5th Cir. 2011); *Felder v. Johnson*, 204 F.3d 168, 171-2 (5th Cir. 2000). Further, equitable tolling "is not intended for those who sleep on their rights." *Manning v. Epps,* 688 F.3d 177, 184 (5th Cir. 2012). Thus, a federal habeas petitioner is required to act with diligence and alacrity both during the period allowed for the filing of state post-conviction review proceedings and also after the denial thereof by the state appellate courts. *See Ramos v. Director*, 2010 WL 774986, *4 (E.D. Tex. March 1, 2010). "The diligence required for equitable tolling purposes is reasonable diligence, ... not maximum feasible diligence," *Holland v. Florida*, 560 U.S. 631, 653 (2010) (internal quotation marks omitted), and equitable tolling decisions "must be made on a case-by-case basis." *Id.* at 649-50.

In the instant case, Petitioner has failed to show such exceptional circumstances as would entitle him to equitable tolling in this case. Accordingly, his untimely application for habeas corpus relief should be dismissed.

## Certificate Of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a Notice of Appeal herein, the Court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006)

(emphasis in original).  In the instant case, the Court finds that reasonable jurists would not debate the denial of Petitioner's § 2254 application or the correctness of the procedural ruling.  Accordingly, it is appropriate that, in the event that Petitioner seeks to pursue an appeal in this case, a certificate of appealability be denied.

## RECOMMENDATION

It is recommended that Petitioner's application for habeas corpus be denied, and that this proceeding be dismissed, with prejudice.  It is further recommended that, in the event that Petitioner seeks to pursue an appeal in this case, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on June 15, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**